IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH L. MCCLINTOCK, JR., <br><br> Petitioner, <br><br> vs. <br><br> STATE OF HAWAII, <br><br> Respondent. | CIV. NO. 19-00149 JMS-RT <br><br> ORDER (1) DISMISSING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY; AND (2) DENYING CERTIFICATE OF APPEALABILITY |

**ORDER (1) DISMISSING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY; AND (2) DENYING CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Before the court is pro se Petitioner Kenneth L. McClintock, Jr.'s ("McClintock" or "Petitioner") "Writ of Habeas Corpus, Motion for 704-404 Evaluation, Letter to Defense Council [sic]," which the court construes as a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). ECF No. 1. Petitioner claims that Respondent State of Hawaii (the "State") has violated his constitutional rights by denying him due process in connection with court hearings concerning his temporary commitment to the Hawaii State Hospital ("HSH") and subjected him to "cruel punishment" in connection with his Order of Conditional Release, entered in conjunction with his

Judgment of Acquittal, in *State v. McClintock*, Cr. No. 1PC131000590.[1]

Petitioner seeks a court order releasing him from the HSH and discharging him from the Order of Conditional Release.

Because it plainly appears from the face of the Petition that Petitioner's claims are unexhausted, the Petition and this action are DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Any request for a certificate of appealability is DENIED.

## II. BACKGROUND

A.  **Factual Background**

On December 23, 2014, Petitioner was found not guilty by reason of insanity and a Judgment of Acquittal and Conditional Release was entered in the State of Hawaii Circuit Court of the First Circuit. *See* http://jimspss1.courts.state.hi.us:8080/eCourt/ECC/CaseSearch.iface ("e-Court Kokua") (12/23/2014) (last

---

[1] Section 2254 review is available "to challenge the legality of a state court order of civil commitment . . . ." *Duncan v. Walker*, 533 U.S. 167, 176 (2001); *see Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("It is well established that detainees under an involuntary civil commitment scheme . . . may use a § 2254 habeas petition to challenge a term of confinement.").

[2] In addition to the lack of exhaustion, it also appears that the Petition would be subject to dismissal under *Younger v. Harris*, 401 U.S. 37 (1971). *See Babinski v. Voss*, 323 F. App'x 617 (9th Cir. 2009); *Napoleon v. Haw. Cmty. Corr. Ctr.*, 2018 WL 5020024, at *3 (D. Haw. Oct. 16, 2018).

visited Aug. 1, 2019).³ On February 13, 2019, Petitioner was taken into custody for allegedly violating his conditional release, and is being held temporarily at the HSH pending further state-court hearings. *See id.* According to the docket, the pending hearings are to address both conditional release reviews and the State's motion to revoke Petitioner's conditional release. *Id.* The next review hearing is scheduled for August 13, 2019. *Id.*

Meanwhile, on March 25, 2019, Petitioner filed the instant Petition alleging that the original June 13, 2013 motion for a mental examination, brought pursuant to Hawaii Revised Statutes ("HRS") § 704-404, is invalid and therefore, "all subsequent actions [are] invalid and unlawful." ECF No. 1 at PageID #1-2. That is, Petitioner contends that because the motion for a mental examination was allegedly defective, the resulting Order of Conditional Release is invalid. Petitioner further contends that because "conditional release is indefinite," it is "a cruel punishment." *Id.* at PageID #14. Petitioner alleges that he has not been able to challenge these matters "due to the disfunctional [sic] nature of circuit court." *Id.* at PageID #2.

---

³ The court takes judicial notice of the state-court docket in *State v. McClintock*, Cr.No. 1PC131000590. *See* Fed. R. Evid. 201 (allowing judicial notice of facts that are generally known within the court's territorial jurisdiction or can be readily determined from sources whose accuracy cannot reasonably be questioned); *see also Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (stating that the court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citations omitted).

Further, Petitioner alleges that since February 13, 2019, he has "had 4 revocation [of conditional release] hearings," but he has "not been present at a single one." *Id.* at PageID #7. More specifically, Petitioner alleges that despite his requests to be physically present in the courtroom for such hearings, "they had a video hearing and [he] did not attend." *Id.* at PageID #10.[4] Petitioner contends that because he can neither speak to his counsel nor read the doctor's report during video hearings, such hearings violate his right to due process. *Id.* at PageID #11. Petitioner's current counsel allegedly "refuses to file an appeal" because Petition "do[es] not have a right to be in the courtroom." *Id.* at PageID #11-12.

As a result, Petitioner claims that the State has denied him due process in connection with court hearings regarding his custody and commitment to the HSH and subjected him to cruel punishment in connection with the Order of Conditional Release. Petitioner seeks an order releasing him from the HSH and discharging him from the Order of Conditional Release. *See id.* at PageID #14.

**B.     Procedural Background**

Petitioner filed the instant Petition on March 25, 2019. ECF No. 1. The State filed a Response on June 3, 2019, asserting that Petitioner failed to exhaust state remedies, and a Supplemental Response on June 5, 2019. ECF Nos.

---

[4] According to the state-court docket, Petitioner was physically present during the February 13, 2019 conditional release review hearing, but declined to appear by video for further review hearings on February 19, 2019, April 23, 2019, and June 18, 2019. *See* e-Court Kokua.

6-7. Petitioner filed Replies on June 12 and 14, 2019. ECF Nos. 8-9. Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

### III. **LEGAL STANDARDS**

Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4) requires the court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A federal district court may consider a habeas petition from a state petitioner "only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). And as a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state remedies on every ground presented, either through direct appeal or collateral proceedings. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 & n.7 (1982). The comity doctrine is codified in the habeas statute, which provides that habeas relief shall not be granted unless the petitioner has (1) "exhausted" the available state court remedies, (2) shown that there is an "absence of available State corrective process," or (3) shown that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). The statute further provides that a petitioner

has not exhausted available state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Proper exhaustion requires that the petitioner's contentions be fairly presented to the state courts, *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest state court with authority to review them, *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). The petitioner has the burden of demonstrating that he has exhausted available state remedies. *See, e.g.*, *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); *Rollins v. Superior Court of L.A*, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010). A dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), and does not bar a petitioner from returning to federal court after exhaustion of state remedies.

## IV. <u>DISCUSSION</u>

Petitioner admittedly has failed to exhaust his state judicial remedies. Petitioner concedes that he has not filed a motion or habeas petition in state court seeking release and discharge based on the alleged constitutional violations. *See* ECF No. 1 at PageID #2, 11. The State also contends that Petitioner has failed to exhaust his state remedies, and the state-court docket lacks evidence of exhaustion.

In addition, as discussed below, Petitioner fails to establish either exception to the exhaustion requirement.

**A.      State Corrective Process**

Petitioner does not allege that there is an absence of available state corrective process to obtain discharge from the HSH and from the Order of Conditional Release.  *See* 28 U.S.C. § 2254(b)(1).  Nor could he.  Under Hawaii law, "[a]ny person granted conditional release pursuant to [HRS] chapter [704] shall continue to receive mental health or other treatment and care deemed appropriate by the director of health until discharged from conditional release."  HRS § 704-413(1).  A person who wishes to be discharged from conditional release "may apply to the court ordering the conditional release . . . on the ground that the person is no longer affected by a physical or mental disease, disorder, or defect and may be discharged . . . without danger to the person or to others."  HRS § 704-413(3).

If, however, at any time, "the court determines, after hearing evidence, that: (a) [t]he person is still affected by a . . . mental disease, disorder, or defect, and the conditions of release have not been fulfilled; or (b) [f]or the safety of the person or others, the person's conditional release should be revoked, the court may . . . order the person to be committed to the custody of the director of health, subject to discharge or release in accordance with the procedure prescribed

7

in section 704-412." HRS § 704-413(4). A committed person who wishes to be discharged may, "after the expiration of sixty days following the revocation of conditional release pursuant to section 704-413, . . . apply to the court from which the person was committed for an order of discharge upon the ground that the person is no longer affected by a . . . mental disease, disorder, or defect," or even if "still affected . . . the person may be released without danger to self or to the person or property of others." HRS § 704-412(2).

Following an application pursuant to either § 704-412 or § 704-413, the court must hold a hearing and render a decision within sixty days, except that "for good cause the court may extend the sixty-day time frame upon the request of the director of health or the person." HRS §§ 704-412(3); 704-713(5).

Petitioner does not allege that he submitted an application for discharge from HSH or from conditional release in accordance with HRS chapter 704, let alone that he appealed any denial of such application to the Hawaii Supreme Court. Nor does he allege that the process set forth in HRS chapter 704 does not apply to his circumstances.

**B.    Circumstances Rendering State Corrective Process Ineffective**

Rather, Petitioner claims that he was unable to seek release and discharge "due to the disfunctional [sic] nature of circuit court in all matters pertaining to HRS [chapter] 704 proceedings" and because his counsel refuses to

8

file an appeal. *Id.* at PageID #2, 11. That is, Petitioner essentially contends that "circumstances exist that render [the state corrective process] ineffective to protect" his constitutional rights. 28 U.S.C. § 2254(b)(1). But Petitioner fails to assert factual allegations establishing such circumstances.

First, Petitioner alleges that the July 1, 2013 hearing on the motion for mental examination should have been before a different judge and was "obviously scripted judging from the 'ohs' and 'ahs.'" ECF No. 1 at PageID #3-5. These conclusory allegations fail to demonstrate that the state court is "dysfunctional," or more importantly, that the remedies set forth in HRS chapter 704 are ineffective to protect his rights.

Second, Petitioner alleges that he "demand[ed] discharge," but his request was denied. ECF No. 1 at PageID #8. Petitioner does not allege how the denial of his request, which he does not allege was made in accordance with HRS chapter 704, renders the whole process set forth in HRS chapter 704 ineffective to protect his rights.[5]

Third, Petitioner complains generally about the actions of counsel. For example, Petitioner alleges that: (1) in 2013, his counsel moved for a mental examination without his authorization, *id.* at PageID #12; (2) at the February 13,

---

[5] Further, Petitioner does not allege that he appealed any court order denying his request for discharge.

9

2019 hearing, counsel for the Department of Health barred a nurse to whom Petitioner had issued a subpoena duces tecum for his "progress report documents" from "enter[ing] the courtroom," and instead "delivered the progress report documents [to the court herself]," *id.* at PageID #9-10; (3) at that same February 13, 2019 hearing, "the prosecution" filed a "request for a bench warrant . . . 3 minutes late on the false information that [Petitioner] had eloped and had been discharged,"[6] *id*. at PageID #10; and (4) Petitioner's current counsel "refuses to file an appeal" claiming that Petitioner does "not have a right to be in the courtroom," *id.* at PageID #11-12.

Petitioner does not explain how these actions by counsel support his contention that circumstances render ineffective the corrective remedies set forth in HRS chapter 704. Neither Hawaii law nor such actions by counsel prevent Petitioner from submitting an application pursuant to HRS chapter 704 to the court himself. That is, none of the alleged actions by counsel show that the remedies set forth in HRS chapter 704 are ineffective to protect Petitioner's rights.

In sum, Petitioner's habeas claims are unexhausted because Petitioner concedes that he failed to exhaust state judicial remedies, and he fails to

---

[6] Petitioner appears to concede that he did in fact violate conditions of his conditional release. Despite alleging that the court ordered him to be taken into custody based on "false information" that Petitioner had eloped from his residential facility, Petitioner concedes that to alleviate side effects from his medication, between February 4-6, 2019, he "began leaving the residential facility at unauthorized times to smoke tobacco and then marijuana to relieve the pain." *Id.* at PageID #8-9.

demonstrate that the process set forth in HRS chapter 704 is not available, or that circumstances exist that render that process ineffective. *See* 28 U.S.C. § 2254(b)(1).

A federal court must dismiss a habeas petition if all of its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a . . . habeas petition should be dismissed if the [petitioner] has not exhausted state remedies as to any of his federal claims."); *Rose*, 455 U.S. at 510. That is, once a court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Accordingly, because Petitioner failed to exhaust his claims, the Petition and this action are DISMISSED without prejudice to Petitioner pursuing a federal challenge to his Order of Conditional Release and/or his commitment to the HSH *after* his claims are exhausted in the state courts.

## V. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability when it enters a final order adverse to the applicant. *See also* Fed. R. App. P. 22(b). Reasonable jurists would not find the dismissal of the Petition as

unexhausted as debatable or wrong. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

## VI. CONCLUSION

Based on the foregoing, the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is DISMISSED as unexhausted. This dismissal is without leave to amend in this action, but without prejudice to raising these claims in a new action after they have been fully exhausted in the state courts. In addition, any certificate of appealability is DENIED. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 1, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*McClintock v. State of Haw.*, Civ. No. 19-00149 JMS-RT, Order (1) Dismissing Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody; and (2) Denying Certificate of Appealability